IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KRISTIN LYNN MCDANIEL**                                                                                      **PLAINTIFF**

vs.                                                           **CIVIL ACTION NO. 3:13CV142-SAA**

**CAROLYN W. COLVIN,**
**Commissioner of Social Security**                                                             **DEFENDANT**

**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Kristin Lynn McDaniel for period of disability or disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act, as well as for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff protectively applied for disability insurance benefits on March 29, 2010, alleging that she became disabled on June 1, 2005. Docket 8, p. 141. The plaintiff's claim was denied initially on June 1, 2010 (*Id.* at 67-71) and on reconsideration on March 9, 2011. *Id.* at 77-79. Plaintiff timely requested a hearing, which was held on June 26, 2012 (*Id.* at 27), and the ALJ issued an unfavorable decision on July 11, 2012. *Id.* at 9-21. Plaintiff requested and was denied review by the Appeals Council via letter on April 1, 2013. *Id.* at 1-3. She timely filed this appeal from the Commissioner's most recent decision. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

**I. FACTS**

The plaintiff was born on December 24, 1979, and was 25 years old at the time of her amended onset date. She participated in special education classes and completed the seventh

grade.[1]  *Id.* at  34.  She contends that she became disabled on June 1, 2005 as a result of "lower back problems and spurs on feet."  *Id.* at 176.

The ALJ determined that the plaintiff suffered from "severe" impairments including "anxiety disorder not otherwise specified and depressive disorder not otherwise specified," but that these impairments did not meet or equal any impairment listed in 20 CFR Part, Subpart P, App. 1, (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Docket 8, p. 14-16.  The ALJ found that the plaintiff retains the Residual Functional Capacity (RFC) to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to simple routine repetitive tasks.  She is not able to perform any production rate tasks but can perform goal-oriented tasks.  She may only have occasional interaction with co-workers and supervisors.  She is limited to few, if any, changes in a workplace environment.

*Id.* at 17.  In light of testimony by a vocational expert [VE] at the hearing, the ALJ found plaintiff capable of performing her past work as a cashier II, and therefore not disabled under the Social Security Act.  *Id.* at 20-21.

Plaintiff claims the ALJ erred by not properly considering plaintiff's degenerative disc disease and chronic pain syndrome as severe, failing to consider those impairments in combination with her obesity in assessing her RFC and in not properly considering the opinions of plaintiff's treating physician, Dr. Sharma.

The court concludes that the ALJ did not properly consider plaintiff's impairments and combination of impairments, and his opinion is therefore unsupported by substantial evidence.

---

[1]Plaintiff's application for benefits states that she completed the ninth grade in 1995.  Docket 8, p. 177.

In light of these conclusions, the court need not address the remaining claims of error.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and

---

[2] *See* 20 C.F.R. §§ 404.1520, 416.920 (2012).

[3] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2012).

[5] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2012).

[6] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2012). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2011).

[7] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2012).

past work experience, that she is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient

---

[8] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[9] *Muse*, 925 F.2d at 789.

[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends that the ALJ should have found that her degenerative disc disease of the lumbar spine and chronic pain syndrome were severe impairments and should have considered the effect of her obesity in combination with her other impairments. The failure to do so, says plaintiff, resulted in an ultimate decision regarding plaintiff's disability that is unsupported by the evidence. Docket 12, p. 19. It is the Commissioner's position that the ALJ appropriately determined that plaintiff's degenerative disc disease and back pain were not severe because there were no objective findings to support a finding of severity [Docket 16, p. 7-8] and that "the ALJ properly relied upon the opinion of the state agency medical expert, Glenn James, M.D., to determine that these impairments were non-severe." Docket 16, p. 9.

The Commissioner's argument is without merit. First, there are multiple instances in the record of objective evidence that plaintiff's back pain is severe. The MRI Report referenced by the Commissioner actually states "L5-S1 There is a small central disc protrusion present this level. Small annular tear is noted. There is an anterior projecting osteophyte off the left facet with mild narrowing of the left neuroforamen . . ." Docket 8, p. 323. A second MRI performed in 2011 identifies the same disc desiccation with disc protrusion. Docket 8, p. 384. The record contains many visits to physicians with complaints of back pain from 2001 to 2012. For instance, on September 17, 2008, plaintiff saw Dr. Debahis Biswas, who diagnosed her with

lumbar spondylosis. Docket 8, p. 238-39. On June 25, 2010, plaintiff she saw Dr. Achin Sharma for severe back and foot pain and was diagnosed with lumbar IVD degeneration and lumbar osteoarthritis. *Id.* at 286-87. She was seen again by Dr. Sharma on August 17, 2010 and diagnosed with lumbar osteoarthritis. *Id.* at 290-91. The ALJ clearly had sufficient "objective" evidence in the form of two MRI's and medical opinions to establish under the liberal definition employed in this Circuit that plaintiff's back pain and disc disease are "severe" impairments which could reasonably be expected to cause the types of symptoms of which she complains.

Second, Dr. Glenn James is a non-examining physician who did not have the entire record to review at the time he provided his opinion on May 31, 2010, two months after plaintiff's application for benefits was filed. Docket 8, p. 258. Further, Dr. James' opinion is a simple one page Medical Consultant Review that simply states that "tender back and plantar fasciitis" are non-severe. He does not provide any insight into how he reached this determination, much less any indication that he had reviewed all of plaintiff's medical records. It is clear that the ALJ had not obtained all of plaintiff's medical records at this point, so a thorough review of her medical history by Dr. James would have been impossible. Therefore, reliance upon Dr. James' opinion over the opinions of multiple treating physicians or other consultants who did have the benefit of reviewing all of plaintiff's medical records is error.

As for plaintiff's obesity, the ALJ admits that "[p]laintiff is correct that the ALJ's decision does not specifically discuss SSR 01-01p or obesity," but asserts that "the ALJ's decision shows that all of Plaintiff's physical impairments, which would include obesity, were considered." Docket 16, p. 11. The Commissioner asserts that because the ALJ cited all of plaintiff's treatment records in the opinion, the "ALJ's opinion implicitly included consideration

6

of Plaintiff's obesity." Docket 16, p. 12.  This argument is a stretch at best.  Step two of the sequential evaluation conducted by an ALJ requires that he "determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe." Docket 7, p. 17.  There are multiple references to the fact that plaintiff is obese in this record, including an opinion from plaintiff's pain specialist to the effect that, in light of the other objective evidence of her back issues he reviewed, her morbid obesity "may be the main source of her pain as her abdominal girth is putting tremendous weight and pull on the lumbar spine." Docket 8, p. 470-71.  Even though obesity standing alone is longer grounds for a finding of disability, nevertheless the Commissioner is obligated to consider evidence of obesity to determine whether it contributes to the plaintiff's other impairments to such a degree that she is disabled.  *Beck v. Barnhart*, 205 Fed. Appx. 207, 212 (5th Cir. 2006).

Simply put, it is undisputed that the ALJ failed to conduct this step with regard to plaintiff's obesity.  The Fifth Circuit has routinely held that "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton*, 209 F.3d at 455.  The ALJ's opinion does not contain an analysis of plaintiff's obesity, and there is no evidence in the record upon which the court could even infer that the ALJ considered plaintiff's obesity.  Such a failure in this specific situation resulted in the flawed analysis of whether plaintiff's obesity in combination with her disc disease or any of her other impairments met a listing, whether she had the RFC to perform work, and ultimately whether she was disabled.  The ALJ should have evaluated whether plaintiff's obesity was severe or non-severe and then considered the alleged obesity in combination with her other impairments as he continued through the remaining steps of the sequential evaluation process.  Additionally, if the

7

ALJ believed that he did not have sufficient information in the record to properly evaluate the alleged obesity – or her disc disease and back pain for that matter – he should have sought further information from her treating physicians. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000); citing 20 C.F.R. §§ 404.1512(e), 416.912(e). In light of these failures, the undersigned is of the opinion that the decision of the Commissioner was not supported by substantial evidence and should be remanded for further proceedings consistent with this opinion.

### IV. PLAINTIFF'S REMAINING ARGUMENTS

The court expresses no opinion regarding whether plaintiff is actually disabled. She may not be, but it is the court's opinion that the ALJ in this instance did not provided a sufficient basis for ignoring plaintiff's back issues, obesity and resulting pain.

This action is hereby remanded to the ALJ for further consideration of plaintiff's impairments, specifically the severity of plaintiff's degenerative disc disease, chronic pain syndrome and obesity, whether plaintiff's impairments meet a listing when considered individually or in combination, and for re-evaluation of plaintiff's RFC and ability to work in light of her impairments. Because this action is being remanded to the ALJ for further evaluation, the court need not address the merits of the plaintiff's remaining arguments at this time. A separate judgment in accordance with this opinion will be entered this date.

This the 29th day of January, 2014.

                                              /s/ S. Allan Alexander
                                            UNITED STATES MAGISTRATE JUDGE